96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Keith JOHNSON, Defendant-Appellant.
 No. 95-5838.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1996.
 
 Before: LIVELY, SILER and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant Ronald Keith Johnson appeals from the sentence imposed by the district court following his guilty plea to a single count of conspiracy to possess and distribute marijuana in violation of 18 U.S.C. § 846. He pled guilty in exchange for the government's recommendation of a three-level reduction for his acceptance of responsibility and the stipulation that he was not an organizer, leader, manager, or supervisor of the conspiracy. The appeal was submitted to the court following telephonic oral arguments.
 
 
 2
 The single issue raised by this appeal is whether the district court failed to respond to Johnson's attorney's alleged argument that he was entitled to a reduced sentence because his was a minor role in the conspiracy. Johnson's attorney filed no written objections to the presentence investigation report but stated orally to the court that Johnson should be considered "a minor player or a minor member of this particular conspiracy." Guidelines § 3B1.2 provides for a decrease of a defendant's offense level based on his role in the offense. If the defendant was a minor participant in any criminal activity, he is entitled under § 3B1.2(b) to a two-level decrease.
 
 
 3
 The problem with Johnson's position is that his attorney never presented an argument to the court that Johnson was a minor participant within the meaning of § 3B1.2. Instead, the attorney referred to Johnson as a "minor player or minor member" seeking to bolster his contention that Johnson was entitled to be sentenced under the "safety valve" provisions of Guidelines § 5C1.2. This provision permits a sentence below the statutory mandatory minimum sentence for a particular offense if the conditions of § 5C1.2 are met. The district court accepted the argument and sentenced Johnson below the applicable mandatory minimum term.
 
 
 4
 A careful review of the record discloses that Johnson's attorney never argued for a "minor participant" reduction under § 3B1.2. Thus the issue was waived. Our further study of the record convinces us, moreover, that Johnson was not a minor participant in the offense and thus would not have been entitled to a reduction on this basis if the issue had been properly presented to the district court.
 
 
 5
 The judgment of the district court is AFFIRMED.